(No. 751—Claim denied.)

ISABEL WILLIAMS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

GOVERNMENTAL FUNCTION—*State not liable.* The State in constructing its system of hard roads exercises a governmental function and is not liable for injuries or losses caused by the negligence of its employees or agents engaged in its construction.

J. C. BOWMAN AND B. J. O'NEIL, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DuHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim made by Isabel Williams (now Isabel Williams Russell) for damages sustained to her wardrobe, five suit cases, and damages to her car, in an accident which oc-

curred on July 28, 1923, when she was driving a Star touring car, on the State Highway four miles south of Carrollton, Illinois, when her car in some manner went down an embankment into a "borrow pit", as it is termed in the diagram submitted by G. E. Corr, and being one of defendant's exhibits. Claimant alleges that said road at that time was being constructed by the State Highway Commission of Illinois; that there were no barriers placed thereon, nor any signs indicating that the roadway or any fills adjacent thereto were dangerous; that while driving on said road with due regard for her own safety, embankment gave way, hurling her with her automobile and personal effects a distance of thirty-five feet into a ravine filled with water to a depth of ten to twelve feet; that loss to her car is $300.00; that her five suit cases filled with clothes sustained a loss amounting to $3,664.75.

From the evidence we find that all the customary and proper signs were placed along the highway so as to inform claimant of the character of the road over which she was traveling; that the road was 16 feet in width at the point where the accident occurred; that she was not passing any car at the time her car left the road and she went down the embankment. We do not believe that this claim is founded on equity and good conscience for the further reason that the claims made in her bill of particulars for wearing apparel, which had been used, are ridiculous. In her testimony, she admits that she had worn the hosiery, hats, blouses, pajamas, and other articles of wearing apparel mentioned, and she places values such as $400.00 for last season's hats, $70.00 for hosiery, waist $45.00, gloves $50.00, all of which we believe are unreasonable and exaggerated. The claimant herself is the only witness produced who testified that the grade gave way, and her testimony is rebutted not only by the State's witnesses, but her own witnesses.

For the reasons above set forth, the demurrer filed by the Attorney General is sustained, and the case is dismissed.